# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### URBANA DIVISION

JONATHON WELLS,

    *Plaintiff,*

v.

MUELLER WATER PRODUCTS, INC.;
and MUELLER CO. LLC,

    *Defendants.*

Case No. 2:26-cv-02030-JEH-RLH

## ORDER & OPINION

Jonathon Wells, an electrician, began working for Mueller Co. LLC in spring 2024. He was suspended a year and a half later for reasons that he alleges violated the FMLA and the ADA. So he filed a four-count complaint in Illinois state court, asserting two violations of each against Mueller Co. LLC and its parent company, Mueller Water Products, Inc. The defendants removed the case in early 2026 and moved to dismiss Wells's complaint in its entirety.

Wells's complaint largely survived, though his ADA claims against Mueller Co. LLC were dismissed. Those claims, the Court explained, were unexhausted: Wells named only "Mueller Water Products, LLC" in his administrative charge with the Illinois Department of Human Rights, violating the general rule that parties not named in an administrate charge may not be later sued in a judicial forum. That said, the Court recognized the exception to that general rule announced in *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130, U.A.*, 657 F.3d 890 (7th Cir. 1981). Under *Eggleston*, the failure to name a party in an administrative charge does

*not* bar a subsequent suit when the party had notice of the charge and an opportunity to participate in the conciliation proceedings. *Id.* at 905. But Wells's complaint did not allege enough facts to support a plausible inference that *Eggleston* applied here, so his ADA claims against Mueller Co. LLC were dismissed. *See Alam v. Miller Brewing Co.*, 709 F.3d 662, 666 (7th Cir. 2013) (plaintiff must allege facts to avail himself of *Eggleston*).

Wells now moves for leave to amend his complaint to cure that defect. The amended complaint is identical in all respects to the original, except now it includes facts about the defendants' corporate structure. It explains that Wells's employment documents left uncertain which legal entity—Mueller Water Products, Inc. or Mueller Co. LLC—was Wells's true employer. (*See* Doc. 14 at 4–5.) It alleges that both entities "share a common workplace facility, human resources infrastructure, and personnel administration system." (Doc. 14 at 5.) And it observes that both "share common legal counsel." (Doc. 14 at 6.)

The defendants oppose Wells's amendment, but their arguments are misplaced. They first argue that the defect in Wells's original complaint "arises from the administrative process itself" and thus "cannot be cured through amendment." But it is not a defective administrative charge that Wells seeks to cure; it is his failure to plead facts showing that his suit can proceed notwithstanding that defect. Indeed, if *Eggleston* applies, any defect in the administrative charge is beside the point: the defect does not bar the suit. *See Alam*, 709 F.3d 662, 665–67.

2

Second, the defendants argue that this "Court has already resolved" the exhaustion issue. Not so. The Court dismissed Wells's ADA claims against one defendant—Mueller Co. LLC—without prejudice. In doing so, the Court explained that *Eggleston* demands factual allegations that the unnamed defendant had notice of the charge and an opportunity to participate in the conciliation proceedings. (*See* Doc. 11 at 11 (citing *Alam*, 709 F.3d 662, 667).) Wells's amendment attempts to cure that defect, and the Court has not yet decided whether those new factual allegations plausibly bring this case within *Eggleston*.

The defendants ask the Court to do so now. For two reasons, the Court declines the invitation. First, only in rare circumstances should a successful Rule 12(b)(6) motion be the death knell of a plaintiff's claim. *See Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010). Courts thus apply a "presumption in favor of giving plaintiffs at least one opportunity to amend." *See Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 518 (7th Cir. 2015). This Court applied that presumption when it dismissed Wells's ADA claims against Mueller Co. LLC *without* prejudice. Wells's amended complaint is his first attempt to cure the defect in his original. Denying leave to amend would thus "carr[y] a high risk of being deemed an abuse of discretion." *Runnion*, 786 F.3d at 518.

Second, courts routinely find that "futility arguments made in opposition to the filing of an amended [complaint] are often better suited for consideration in the context of a motion to dismiss." *Chen v. Yellen*, No. 3:20-cv-50458, 2021 WL 5005373, at *3 (N.D. Ill. Oct. 28, 2021) (collecting cases); *see also Shambaugh & Son, L.P. v.*

*Reichhart*, No. 1:23-cv-00213, 2023 WL 8597383, at \*1–2 (N.D. Ind. Dec. 11, 2023) (finding that a futility analysis would be "premature because it would be better addressed in a motion to dismiss."); *Clark v. Deere & Co.*, No. 1:22-cv-1405, 2023 WL 2815922, at \*2 (C.D. Ill. Apr. 6, 2023) (explaining, in a similar context, that the futility question is "better suited for more robust briefing (i.e., a motion to dismiss and response thereto)"). For this reason, courts require that futility be "certain from the face" of the amended complaint. *Runnion*, 786 F.3d at 520. Here, Wells has included factual allegations that squarely address the Court's previous order. That is all Rule 15 demands. *See id.*

The defendants also argue that the amendment is prejudicial because Wells *could have* amended his complaint in response to the defendants' motion to dismiss, rather than oppose it. "Allowing the amendment" now, the defendants say, "would require [them] to relitigate the same issue through a second motion to dismiss, resulting in duplicative briefing, additional expense, and unnecessary delay." (Doc. 15 at 12.) The Court disagrees. Wells's decision to oppose the defendants' motion to dismiss was perfectly reasonable, especially given that six of his eight claims survived. And even if Wells *had* taken the defendants up on their suggestion and amended his complaint sooner, the defendants would still have been required to either (a) renew their motion to dismiss, or (b) file an answer. So Wells's decision to amend his complaint after this Court issued a written order did not cost the defendants any more than it otherwise would have. (In fact, it was probably the more efficient choice, because now the defendants' 12(b)(6) challenge to Wells's complaint

has been narrowed to the sole question whether *Eggleston* applies.) Even so, courts routinely grant leave to amend following dismissal, and the defendant must then decide whether to renew its motion to dismiss or file an answer. *See Runnion*, 786 F.3d at 518. None of that imposes any more prejudice than does the "ordinary burden of litigation." (Doc. 15 at 12.)

Finally, the defendants suggest that Wells's amended complaint is "improperly pleaded" because it refers to both entities as "Defendant," creating "unnecessary confusion regarding the actual allegations and claims being asserted." (Doc. 15 at 12–13.) True, Mueller Water Products, Inc. and Mueller Co. LLC are distinct *legal* entities, as the Court previously recognized. (Doc. 11 at 10.) But the thrust of Wells's complaint is that *practically* they are indistinguishable because they share the same office space and personnel management system. So Wells's use of a single defined term is not unreasonable; it comports with his legal theory that notice of his IDHR charge to one sufficed as notice to the other. The defendants may disagree with that conclusion, but their disagreement does not render Wells's complaint improper.

In short, the defendants offer no good reason to deny Wells's amendment at this early juncture. They are free to renew their arguments at the appropriate time, whether via a renewed motion to dismiss or otherwise.

## CONCLUSION

IT IS THEREFORE ORDERED that Wells's Motion for Leave to File a First Amended Complaint, (Doc. 14), is GRANTED. Wells is ORDERED to file a copy of his First Amended Complaint on the docket within seven days of the date of this order. Although the defendants have since answered Wells's original complaint, (*See* Docs.

16, 17), that complaint is no longer an operative pleading. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004). The defendants must therefore respond to Wells's amended complaint in accordance with Rule 15(a)(3).

*So ordered.*

Entered this 8th day of May 2026.

s/ Ronald L. Hanna

Ronald L. Hanna
United States Magistrate Judge